

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 30, 1971

Honorable Bill T. Swanson　　　　　Opinion No. M- 821
Chairman
Oil, Gas and Mining Committee　　　Re: Constitutionality of
House of Representatives　　　　　　　　H.B. 772, 62nd Leg.,
Austin, Texas　　　　　　　　　　　　　　R.S., 1971.

Dear Representative Swanson:

You have requested the opinion of this office as to the constitutionality of House Bill No. 772, 62nd Legislature, Regular Session, 1971, introduced by Representative E. L. Short of Lynn County, which bill is presently being considered by the Oil, Gas and Mining Committee of which you are Chairman.

Pertinent portions of said bill are set out as follows:

. . .

"Section 2. A failure of a person other than an owner of the surface to render or pay taxes on his fee estate in minerals for a period of 20 years, or to sell, lease, mortgage, or transfer his fee estate in minerals for a period of 20 years by instrument recorded in the deed records of the county in which the fee estate in minerals is located with the intention of voluntarily and permanently relinquishing all use, claim, or title in the fee estate constitutes an abandonment of the fee estate in the absence of a valid leasehold estate any time during the 20-year period or exploration for or production of minerals during the 20-year period from the land or from land covered by a lease to which the fee estate is subject."

"Section 3. Upon abandonment, a one-half undivided interest in the fee

-3975-

estate in minerals referred to in this
Act vests in the state and the remaining
one-half undivided interest vests in the
owner or owners of the surface estate,
with each owner taking the same share
and the same type of ownership which
he has to the surface estate."

. . .

"Section 5.   An owner of the surface
estate may file a petition for declara-
tory judgment in the district court of
the county in which the fee estate is
located, requesting the court to declare
the fee estate in minerals abandoned.
In an action for declaratory judgment
under this Act, citation shall be issued
and served in accordance with the Rules
of Civil Procedure."

"Section 6.   Evidence of a failure
to render or pay taxes on the fee estate
in minerals for a period of 20 years
and to sell, lease, mortgage, or trans-
fer the fee estate in minerals for a
period of 20 years by instrument recorded
in the deed records of the county in
which the fee estate is located is
sufficient to constitute a prima facie
case for the petitioner in a suit for
declaratory judgment in the absence
of: . . . . ."

The elements of an abandonment are stated in 1 Texas
Jurisprudence 2d 3, Abandonment, Section 2 to be:  (1)
intention to abandon, and (2) an actual relinquishment.
It is essential to an abandonment that there be a concur-
rence of these elements.  Worsham vs. State, 56 Crim. Rep. 253,
120 S.W. 439.

The following quotation from Corpus Juris Secundum,
Volume 1, page 16, Abandonment, Section 7, summarizes general-
ly the law on the subject and the statements therein contain-
ed are supported by Texas cases, to-wit:

"Nonuser of a right or property, or absence from land, or the lapse of time, while not of itself constituting an abandonment, may, when connected with other acts or circumstances, be evidence thereof, especially where it continues for such length of time as apparently not to be consistent with any other hypothesis, although even then it is not conclusive, but may be contradicted and overcome by other evidence, but the weight and effect to be given to such evidence depends on the circumstances and the intention of the alleged abandoning owner, and mere absence, lapse of time, or nonuser is not of itself any evidence of abandonment unless, it has been held, it continues for the statutory period of limitations of actions to recover the right or property in which case there is said to arise therefrom a disputable presumption of intention to abandon-- . . . . ."

"Evidence of the nonpayment of taxes is not, alone, sufficient to prove an abandonment, but nonpayment of taxes may be evidence of abandonment where coupled with other facts or circumstances showing an intention to abandon."

Section 2 of House Bill 772, above quoted, does not declare the itemized acts of nonfeasance to be prima facie evidence of either intention to abandon or of actual relinquishment. On the contrary, said Section 2 would provide for automatic abandonment, except for the question of the one element: intent to abandon, which is worded as "intention of voluntarily and permanently relinquishing all use, claim, or title in the fee estate." In effect, such section would provide that the existence of such listed acts of nonfeasance, automatically and without notice, hearing or court action, determines the element of "actual relinquishment."

It is the opinion of this office that such automatic

determination of this element of abandonment would work a deprivation of property without "due course of the law of the land" in violation of Article 1, Section 19 of the Constitution of Texas as well as the Fourteenth Amendment to the United States Constitution; and for such reason Section 2 of such Act would be unconstitutional.

It would appear, however, that without Section 2 the bill would still have active provisions which need further consideration.

The Courts of Texas have recognized that property rights in land may be abandoned:

> "It is held that one may 'except in the case of a perfect legal title to a corporeal heriditament,' abandon 'every right or interest in, title to, or owner-ship of property,' 1 C.J.9. . . or, stated otherwise, there is nothing in principle, to prevent the owner from abandoning his right of property in land, provided the intention to do so be evidenced by an act or deed legally sufficient to operate a divestiture of this title. Dikes vs. Miller, 24 Tex. 417." Carter vs. Smith, (Dallas Civ.App. 1916) 184 S.W. 244, 246.

Section 5, quoted above, provides that a declaratory judgment may be sought and provides that the rules appli-cable to other cases would apply. This would call for notice, hearing and court action, thus meeting the requirements of due process.

Section 6 provides that proof of certain acts of non-feasance constitute prima facie evidence of the elements of abandonment. The creation by statute of a rebutable pre-sumption of fact is not unconstitutional for lack of due process.

Insofar as the one-half interest vesting in the State is concerned, a question might be raised as to possible violation of Article 1, Section 17, Constitution of Texas, and the Fifth Amendment to the United States Constitution. Each of the above constitutional provisions prohibit the

taking of a persons property by the state or for governmental purposes without adequate compensation.  It should be noted that under the bill, with Section 2 deleted, there would be no taking by the State until there was a court determination of abandonment, and therefore, if the person has abandoned the property it is no longer his and he need not be compensated therefor.

Your request makes reference to no particular constitutional provisions which you may be questioning; therefore, no further provisions will be considered in this opinion.

## S U M M A R Y

Section 2 of H.B. 772, 62nd Legislature, Regular Session, 1971, providing for automatic determination of one element of abandonment without notice, hearing or court action, violates Article I, Section 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.  The balance of the Bill is not in violation thereof; neither is it in violation of Article I, Section 17 of the Texas Constitution nor of the Fifth Amendment to the United States Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
Nola White, First Assistant

Prepared by:

Harold Kennedy, Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

W. E. Allen, Co-Chairman

Dyer Moore
Houghton Brownlee, Jr.
Linward Shivers
Rex H. White, Jr.

Meade F. Griffin, Staff Legal Assistant

Alfred Walker, Executive Assistant